HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HERBERT BURKART, et al., | |
| Plaintiffs, | CASE NO. C11-1921RAJ |
| v. | ORDER |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., | |
| Defendants. | |

The court DENIES Plaintiffs' motion to vacate the court's prior orders. Dkt. # 26.

In a September 28, 2012 order, the court dismissed Plaintiffs' complaint with leave to amend. The court ordered Plaintiffs to "file their amended complaint no later than October 26, 2012," or the court would "dismiss this action without prejudice for failure to prosecute." Sept. 28, 2012 ord. (Dkt. # 18) at 12. Plaintiffs did not file an amended complaint by October 26, 2012. Indeed, with a single exception that the court will soon discuss, Plaintiffs filed nothing by October 26, 2012. In an October 30, 2012 order, the court dismissed the case without prejudice for failure to prosecute.

Plaintiffs' sole filing prior to the court's deadline for amending their complaint was a notice of appeal of the September 28, 2012 order. As the court explained in its October 30, 2012 order, the September 28 order was not appealable, and thus did not divest the court of jurisdiction over this action.

ORDER – 1

Plaintiffs did not object to the court's dismissal of their case. Instead, they filed an amended notice of appeal encompassing the October 30, 2012 order, and pursued their appeal. They met with no success. The Ninth Circuit Court of Appeals issued a memorandum decision in February 2014, concluding that the September 28, 2012 order was not appealable and did not become appealable by virtue of the October 30, 2012 order. Plaintiffs sought a writ of certiorari from the United States Supreme Court. The Supreme Court denied their request on October 6, 2014.

On December 2, 2014, nearly 2 months after the Supreme Court denied relief and more than 2 years after the court's deadline for filing an amended complaint and the court's order dismissing this case for failure to meet that deadline, Plaintiffs moved to vacate the September 28, 2012 and October 30, 2012 orders (which the court will refer to individually as the "September 2012 Order" and the "October 2012 Order," and collectively as the "2012 Orders"). Plaintiffs attached an amended complaint to their motion.

Plaintiffs cite Federal Rules of Civil Procedure 60(b)(5) and 54(b) as a basis for vacating the 2012 Orders. Neither Rule mandates that the court vacate the 2012 Orders, and the court is aware of no Rule nor other authority mandating that result. The court need not decide whether those Rules or any other authority permits the court to vacate the 2012 Orders as an exercise of discretion: even if the court has discretion to vacate the 2012 Orders, Plaintiffs have not convinced the court to exercise that discretion.

The Ninth Circuit's February 2014 disposition of Plaintiffs' appeal revealed to this court, for the first time, the basis of that appeal. Plaintiffs appealed because they believed that the court erred when it instructed them in the September 2012 order to "consider," when drafting their amended complaint, the decision of the Washington Court of Appeals in *Peterson v. Citibank, N.A.*, No. 67177-4-I, 2012 Wash. App. LEXIS 2197 (Wash. Ct. App. Sept. 17, 2012). The *Peterson* decision was unpublished, and because

ORDER – 2

Washington's appellate courts forbid the citation of their unpublished decisions, Plaintiffs (or, more likely, their counsel) believed the court erred in requiring them to consider it when repleading.

The choice to appeal a decision to avoid having to "consider" an unpublished decision strikes the court as dubious, to put it charitably. More important in this instance, however, is counsel's inexplicable choice to ignore this court's deadline for amending the complaint. Counsel could have asked for an extension of that deadline; counsel could have explained counsel's belief that the court's order to consider *Peterson* was appealable and important enough to justify a refusal to amend the complaint; counsel could have done something other than appeal a non-appealable order without a word of explanation. Even if counsel could somehow justify those choices in advance of the deadline for filing an amended complaint, counsel could not justify those choices in the wake of the October 2012 order. In that order, after explaining that counsel had appealed a non-appealable order, the court dismissed the case for failure to comply with the deadline for amending the complaint. Counsel could have moved for reconsideration; counsel could have requested permission to file an amended complaint notwithstanding the deadline, which had then only recently passed; counsel could have done something to inform the court of his intentions. Instead, counsel did nothing but pursue an appeal of a non-appealable order.

The foregoing discussion comprises the court's reasons for denying Plaintiffs' motion. Counsel made a deliberate choice to flout a deadline for filing an amended complaint and to remain silent after that decision resulted in the dismissal that the court had already stated would be the consequence of missing the deadline. That is no basis for the court to vacate the 2012 Orders.

The court briefly remarks on another consequence of counsel's strategy, although it is immaterial to the court's decision on the motion before it. Had counsel revealed to

ORDER – 3

this court an objection to the requirement to consider *Peterson*, counsel could perhaps have avoided appeal entirely.  Counsel insists that the requirement to "consider" an unpublished Washington Court of Appeals decision in federal court is unlawful.  The court expresses no view on that contention.  This court's views on the citation of unpublished Washington appellate authority, however, were a matter of public record when counsel pursued his ill-advised strategy in late 2012.  In *Cont'l W. Ins. Co. v. Costco Wholesale Corp.*, No. C10-1987RAJ, 2011 U.S. Dist. LEXIS 90866 (W.D. Wash. Aug. 15, 2011), the court discussed its views on the citation of "unpublished" federal- and state-court authority:

> In state courts, the distinction between "published" and "unpublished" decisions is different still.  The court focuses solely on the Washington Court of Appeals, which retains a rule similar to the one that prevailed in the Ninth Circuit prior to the adoption of Fed. R. App. P. 32.1.  Washington Court of Appeals judges issuing opinions have the authority to decide if a case will be "published."  *See* Wash. RAP 12.3(d), (e) (stating procedures and standards for publication decision).  No one arguing before any Washington state court may cite an "unpublished" Washington Court of Appeals decision.  Wash. GR 14.1(a) ("A party may not cite as an authority an unpublished opinion of the Court of Appeals.").
>
> This court follows the dictates of the Washington state courts as to their own decisions.  It is not required to do so, as Washington court rules do not bind federal courts.  Nonetheless, as a matter of comity, the court prefers to interpret state law as the state courts would.  Because Washington courts have made the judgment that "unpublished" state court decisions should not shape their decisions, this court follows their lead.  The court notes that Washington courts take a similar approach, giving effect to the "unpublished" dispositions of other courts only to the extent that the other courts would permit it.  Wash. GR 14.1(b).

*Cont'l W. Ins.*, 2011 U.S. Dist. LEXIS 90866 at *10-11.  Counsel supported the motion now before the court with the statement that the September 2012 order was "an order from a federal district court which often uses such unpublished decisions as a basis for its rulings."  Stafne Decl. (Dkt. # 27) ¶ 7.  Whatever the practices of other judges in the Western District of Washington, the undersigned judge does not use unpublished Washington authority as a basis for its rulings.  Counsel could have ascertained as much

ORDER – 4

by conducting diligent research (which would have revealed the *Cont'l W. Ins.* decision, among other authority). He could also have ascertained as much by revealing his objection to the September 2012 Order promptly, rather than waiting more than two years.

The court now has no occasion to reconsider its order that counsel "consider" the unpublished *Peterson* decision. The court guesses that the reason it cited *Peterson* in the September 2012 order was that *Peterson* had been decided just 11 days prior to that order, and the electronic legal research database had not yet been updated to clarify whether *Peterson* was officially designated as "unpublished," or whether it had simply not yet been assigned a citation in an official case reporter.[1] Or perhaps the court simply made an error in ascertaining whether the case was unpublished. Had counsel brought the issue to the court's attention promptly, the court would have addressed it then. There is no need to conduct an inquiry into a citation in a two-year-old order. Again, the court does not believe it was error to require counsel to consider *Peterson*, whether published or not. It merely notes that had counsel raised the issue, the court likely would have amended that requirement in accordance with its own practices as to unpublished Washington authority.

For the reasons stated above, the court DENIES Plaintiffs' motion to vacate the 2012 Orders. Dkt. # 26.

DATED this 15th day of January, 2015.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Court Judge

---

[1] In September 2012, *Peterson* stood out as the sole Washington appellate authority applying the Washington Supreme Court's then-recent decision in *Bain v. Metro. Mortgage Group, Inc.*, 285 P.3d 34 (Wash. 2012). As counsel points out, many published decisions since September 2012 have construed and elaborated upon *Bain*.

ORDER – 5